IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NINA RAWLS | ) | |
| | ) | |
| v. | ) | No. 3:18-0417 |
| | ) | Judge Holmes |
| PARADISE ARTISTS, INC. and | ) | |
| THE ORCHARD ENTERPRISES, INC. | ) | |

## MEMORANDUM OPINION AND ORDER

Currently pending before the Court is Defendants' motion to dismiss (Docket Entry ("DE") 83), to which Plaintiff has filed a response. (DE 86.) Defendants have also filed a reply to Plaintiff's response. (DE 88.) Also pending is Plaintiff's related motion requesting that the Court take judicial notice of a copyright registration (DE 87), to which Defendants have filed a response. (DE 89.) This action is before the Magistrate Judge for all further proceedings pursuant to the consent of the parties and referral of the District Judge in accordance with 28 U.S.C. § 636(c). (DE 97.)

For the reasons that follow, Defendants' motion to dismiss (DE 83) is GRANTED IN PART and Plaintiff's motion for judicial notice (DE 87) is DENIED AS MOOT. As a result, this action is DISMISSED WITHOUT PREJUDICE.

## I. STATEMENT OF THE CASE

Plaintiff Nina Rawls ("Plaintiff" or "Ms. Rawls") is the widow of recording artist Lou Rawls ("Mr. Rawls").[1] Plaintiff, as the sole trustee of the Lou and Nina Rawls Trust ("Trust"),

---

[1] These facts are drawn from Plaintiff's third amended complaint. (DE 78.) For reasons delineated in the Court's previous order, the title "third amended complaint" is actually a

has asserted multiple claims against Defendants Paradise Artists, Inc. ("Paradise Artists") and The Orchard Enterprises NY, Inc. ("Orchard") (collectively referred to as "Defendants") for the unauthorized use of three works: (1) *Seasons 4 U*, an album recorded by Mr. Rawls in 1998; (2) *Rawls Sings Sinatra*, an album recorded by Mr. Rawls in 2003; and (3) a collection of photographs taken by photographer Bonnie Schiffman in 2003 in connection with the *Rawls Sings Sinatra* album ("the 2003 photographs").

The *Seasons 4 U* album was released by Rawls and Brokaw Records ("Rawls and Brokaw"), a company co-owned by Mr. Rawls and his manager. Counsel for Plaintiff obtained copyright registration for the *Seasons 4 U* album in Plaintiff's name on July 24, 2018, almost three months after the instant lawsuit was commenced, the certificate of which is attached to the third amended complaint. (DE 78 at 17-19.)[2] Later, on November 5, 2018, counsel for Plaintiff registered the copyright for *Seasons 4 U* in the name of the Trust.

Mr. Rawls registered the copyright for the *Rawls Sings Sinatra* album in 2003. Counsel for Plaintiff obtained copyright registration for this album in the name of the Trust on November 1, 2018, approximately six months after the commencement of the instant lawsuit.

Copyright registration for the 2003 photographs was completed and issued to Mr. Rawls on June 10, 2004.

---

misnomer. (DE 77 at 1, n.1.) However, because the operative pleading is labeled as the "third amended complaint" (*see* DE 78) and the parties continue to reference the document as such, the Court will similarly do so.

[2] Plaintiff alleges in the third amended complaint that Mr. Rawls "obtained a copyright registration in the [*Seasons 4 U*] album" in 1998 (DE 78 at ¶ 9), but admits in her response that the copyright was not registered until after commencement of the instant lawsuit. (DE 86 at 6.) As noted by Defendants, Plaintiff's allegations have been less than consistent throughout the course of this litigation.

The agreement governing the Trust ("Trust agreement") was executed by Mr. Rawls and Plaintiff on March 10, 2005. That same day, Mr. Rawls and Plaintiff executed a "Grant and Assignment" that assigned all of their "separate and community property" to the Trust.[3] The Trust agreement contains an intellectual property rights provision that states in relevant part:

> [T]he Trustors hereby declare that they hereby transfer to the Trust all of the Trustors' right, title and interest in and to either Trustor's name, sobriquet, voice, signature, photograph, actual or simulated likeness, image and other personal identification, any and all trademarks, trade names, trade dress, service marks and other personal identifiers, all applications and registrations thereof and all goodwill symbolized thereby, all rights of publicity, all copyrights, copyright registrations and rights to renew, extend, cause reversion of or to terminate any grant of such copyright, and all rights arising under or out of any of the foregoing[.]

On May 31, 2005, Paradise Artists entered into a "Music Service Agreement" with Orchard to distribute sound recordings to various digital musical platforms. Pursuant to this agreement, the *Seasons 4 U* album was distributed to 96 digital platforms while *Rawls Sings Sinatra* was distributed to 95 digital platforms.

On January 5, 2006, one day before his death, Mr. Rawls executed his Last Will and Testament, which directed in relevant part that "all of the rest, residue and remainder of my estate" is bequeathed to "the then acting Trustee or Trustees" of the Trust.[4] On January 9, 2006, Plaintiff executed a "Notice of Acceptance of Trusteeship" that memorialized her status as the successor sole trustee of the Trust.

In February of 2018, Plaintiff discovered that the *Seasons 4 U* and *Rawls Sings Sinatra* albums were available on numerous digital musical platforms, including iTunes and Spotify. The

---

[3] A copy of this agreement is attached to the third amended complaint. (DE 78 at 20-22.)

[4] A copy of the will is also attached to the third amended complaint. (DE 78 at 32-47.)

*Rawls Sings Sinatra* album was advertised using one of the 2003 photographs. Paradise Artists and Orchard were responsible for distribution of these albums to the various digital platforms.

Plaintiff asserts four claims against Paradise Artists: (1) copyright infringement for unauthorized licensing of both albums to Orchard for digital distribution; (2) copyright infringement for unauthorized use of the 2003 photographs; (3) violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), for unauthorized use of Mr. Rawls' name in connection with the unauthorized licensing of both albums; and (4) violation of Tennessee's right of publicity, Tenn. Code Ann. § 47-25-1103, for unauthorized use of Mr. Rawls' name and photographs in connection with the unauthorized licensing of both albums.

Plaintiff asserts five claims against Orchard: (1) copyright infringement for unauthorized digital distribution of *Seasons 4 U*; (2) copyright infringement for unauthorized digital distribution of *Rawls Sings Sinatra*; (3) copyright infringement for unauthorized use of the 2003 photographs; (4) violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), for unauthorized use of Mr. Rawls' name in connection with the unauthorized distribution of both albums; and (5) violation of Tennessee's right of publicity, Tenn. Code Ann. § 47-25-1103, for unauthorized distribution of both albums.

Based on these claims, Plaintiff seeks preliminary and permanent injunctions prohibiting Defendants from further infringement of Plaintiff's intellectual property rights, actual damages pursuant to 17 U.S.C. § 504(b), or, alternatively, statutory damages pursuant to 17 U.S.C. § 504(c), as well as costs and attorney's fees pursuant to 17 U.S.C. § 505.

Defendants seek dismissal on various grounds, including under Rule 12(b)(1) for lack of standing and Rule 12(b)(6) for failure to state a claim. Plaintiff opposes Defendants' motion to dismiss.

## II. STANDARD OF REVIEW

### A. Dismissal for Lack of Subject Matter Jurisdiction

A motion that alleges lack of standing under Rule 12(b)(1) is properly characterized as a motion seeking dismissal for lack of subject matter jurisdiction. *Hosp. Auth. of Metro. Gov't of Nashville v. Momenta Pharm, Inc.*, 353 F. Supp. 3d 678, 686-87 (M.D. Tenn. 2018). Such a motion can attack the claim of jurisdiction on its face, or, alternatively, attack the factual basis for jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). A motion representing a facial attack challenges only "the sufficiency of the pleadings" and is treated akin to a Rule 12(b)(6) motion, thus requiring the court to accept as true all allegations made by the plaintiff. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (internal citation omitted).

### B. Dismissal for Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 444 (6th Cir. 2012) (quoting Fed. R. Civ. P. 8(a)(2)). When reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff[] [and] accept all well-pleaded factual allegations as true[.]" *Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*, 907 F.3d 948, 951-52 (6th Cir. 2018) (quoting *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017)).

Matters outside of the pleadings are generally not considered when ruling on a Rule 12(b)(6) motion to dismiss. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citation omitted). However, the court may consider "exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to

defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein," without converting the motion to dismiss into a motion for summary judgment. *Id.* at 680-81 (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

While generally prohibited from considering matters outside the pleadings in ruling on a motion to dismiss, the court may consider materials that are "appropriate for the taking of judicial notice" under Rule 201 of the Federal Rule of Evidence. *In re Unumprovident Corp. Sec. Litig.*, 396 F. Supp. 2d 858, 875 (E.D. Tenn. 2005) (citing *Bovee v. Coopers & Lybrand C.P.A.,* 272 F.3d 356, 360-61 (6th Cir. 2001)). Rule 201 permits the Court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined by sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may take such action on its own, but "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

### III. ANALYSIS

Because standing represents a "threshold question" in any federal case, *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007), the Court must initially determine whether Plaintiff has standing to sue. The Copyright Act provides that the "legal or beneficial" owner of an exclusive right is entitled to "institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). To have standing under this provision, the party bringing suit "must have some ownership rights over at least part of the exclusive right for which he wishes to sue." *Warner/Chappell Music, Inc. v. Blue Moon Ventures*, No. 3:10-cv-1160, 2011 WL 662691, at *3 (M.D. Tenn. Feb. 14, 2011).

Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing standing. *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992)).

Defendants contend that Plaintiff has failed to allege sufficient facts to establish standing. Defendants argue that Plaintiff cannot proceed with any claims related to the *Rawls Sings Sinatra* album since the associated copyright was not registered to the Trust until November 1, 2018, several months after the initial complaint was filed. As noted by Plaintiff, however, section 411(a) does not require that the party bringing the infringement claim be the same individual or entity that registered the work. *See Huthwaite, Inc. v. Sunrise Assisted Living, Inc.*, 261 F. Supp. 2d 502, 508-09 (E.D. Va. 2003) ("[T]he plaintiff in court obviously need not be the same party who initially registered the subject work.") (internal citation omitted). *See also Tang v. Hwang*, 799 F. Supp. 499, 503-04 (E.D. Pa. 1992) ("There is no requirement under [17 U.S.C. § 411(a)] that the only person who may bring an action is the person who applies for the copyright registration. The law merely provides that there must be registration of the copyright claim, pursuant to the Copyright Act, before an action may be instituted."). Defendants cite no authority to the contrary. Because Plaintiff alleges that *Rawls Sings Sinatra* was registered in 2003 and the rights thereof were later transferred to her, she has standing to sue for copyright infringement.

The same reasoning applies to the 2003 photographs. The third amended complaint alleges that these photographs were registered on June 10, 2004 and subsequently became the property of the Trust in March of 2005.[5] Plaintiff was not required to register the photographs in

---

[5] The 2003 photographs are the subject of Plaintiff's motion for judicial notice (*see* DE 87), which, for the reasons outlined in this memorandum opinion, is denied as moot. For purposes of the instant motion to dismiss, however, the Court assumes registration was completed on June 10, 2004.

the name of the Trust prior to commencing the instant lawsuit, therefore she has standing to pursue claims for copyright infringement as to those works. For these reasons, Defendants' standing arguments as to these two works fail.

Defendants do not clearly delineate whether they seek to dismiss Plaintiffs infringement claims related to the *Seasons 4 U* album for lack of standing or failure to state a claim. References to that work are interspersed throughout Defendants' arguments for dismissal on both these grounds. To the extent that Defendants assert Plaintiff's lack of standing to pursue infringement claims as to the *Seasons 4 U* album, that argument appears to be based on Plaintiff's failure to demonstrate that she obtained copyright registration for *Seasons 4 U* in 1998. Defendants argue that, because Plaintiff provides only registration numbers for *Seasons 4 U* that were issued after the commencement of this action, her complaint fails to comply with 17 U.S.C. § 411(a)'s requirement that "preregistration or registration" of the copyright be made prior to bringing any lawsuit for infringement of the copyright. Although (perhaps) framed as a standing question, compliance with section 411 is not a jurisdictional requirement. *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 166-67 (2010) (concluding that the copyright registration requirement of section 411(a) is a pleading requirement, not a jurisdictional one).[6] The proper analysis is whether Plaintiff has adequately stated a claim for relief, specifically whether the pleadings sufficiently demonstrate prefiling compliance with section 411(a).

Plaintiff acknowledges the Supreme Court's recent decision in *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, which holds that registration for purposes of 17 U.S.C. § 411(a) has been made "not when an application for registration is filed, but when the Register has

---

[6] Nothing in the Supreme Court's decision in the *Fourth Estate* case discussed in more detail below changes its earlier decision in *Reed Elsevier* that section 411 compliance is not a jurisdictional prerequisite.

registered a copyright after examining a properly filed application." ___ U.S. ___, 139 S. Ct. 881, 892, 203 L. Ed. 2d 147 (2019). Plaintiff concedes that she did not obtain copyright registration of *Seasons 4 U* until after commencement of the lawsuit but notes that numerous courts have held that submission of an amended complaint after registration is completed alleviates any pleading deficiencies. However, each of the cases cited by Plaintiff predates the *Fourth Estate* decision, which, contrary to Plaintiff's argument otherwise, impacts the Court's analysis given that numerous cases decided after *Fourth Estate* hold that an amended complaint cannot fix the defect caused by a claimant's failure to obtain copyright registration prior to filing suit. *See, e.g., UAB "Planner 5D" v. Facebook, Inc.*, No. 19-cv-03132-WHO, 2019 WL 6219223, at *7 (N.D. Cal. Nov. 21, 2019) ("A plaintiff cannot cure its failure to meet the preconditions set forth in 17 U.S.C. § 411(a) by amending its pending complaint."); *Xclusive-Lee, Inc. v. Hadid*, No. 19-CV-520-PKCCLP, 2019 WL 3281013, at *4 (E.D.N.Y. July 18, 2019) (declining to grant claimant leave to amend complaint involving copyright that had not yet been registered); *Izmo, Inc. v. Roadster, Inc.*, No. 18-CV-06092-NC, 2019 WL 2359228, at *2 (N.D. Cal. June 4, 2019) (denying Plaintiff's attempt to amend complaint to cure its failure to register copyright before suing);[7] *Mai Larsen Designs v. Want2Scrap, LLC*, No. SA-17-CV-1084-ESC, 2019 WL 2343019, at *6 (W.D. Tex. June 3, 2019) ("To adopt [plaintiff's] reasoning the Court would have to hold that *Fourth Estate* allows a plaintiff to file a lawsuit before copyright registrations have been awarded and to amend the pleadings after registration is obtained, so long as the effective date (i.e., the date of application) predates the filing of the lawsuit. The Court

---

[7] Like Plaintiff in this matter, the claimant in *Izmo* cited the court's decision in *Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022 (N.D. Cal. 2003), to argue that the filing of an amended complaint after registration was complete satisfied section 411(a), which prompted the *Izmo* court to question whether *Zito* "remains good law in light of the Supreme Court's" *Fourth Estate* decision. *Izmo*, 2019 WL 2359228, at *2 (N.D. Cal. June 4, 2019).

cannot square this argument with the holding of *Fourth Estate*."); *Malibu Media, LLC v. Doe*, No. 18-CV-10956 (JMF), 2019 WL 1454317, at *2 (S.D.N.Y. Apr. 2, 2019) ("Plaintiff's argument would make a meaningless formality out of *Fourth Estate*'s requirement that an application be approved prior to filing suit. Were it correct, a plaintiff could file suit at any time, notwithstanding Section 411(a)'s precondition, and simply update the complaint when registration finally occurred.") Indeed, the Court agrees with the reasoning of these decisions and finds that Plaintiff's post-complaint registration of *Seasons 4 U* fails to comply with 17 U.S.C. § 411(a).

What must the Court then do upon finding that only two of the three works at issue in this lawsuit satisfy section 411(a)'s registration requirement? In *Fourth Estate*, the Supreme Court concluded that the registration requirement is "akin to an administrative exhaustion." *Fourth Estate*, 139 S. Ct. at 887. *See also Reed Elsevier, supra* at 165-66 (comparing section 411(a) to "Title VII's requirement that sex-discrimination claimants timely file a discrimination charge with the EEOC"). In other areas of law, failure to exhaust administrative remedies generally results in dismissal without prejudice. *See, e.g., Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (holding that claims brought under Prison Litigation Reform Act that did not meet administrative exhaustion requirement should be dismissed without prejudice); *Ravencraft v. UNUM Life Ins. Co. of Am.*, 212 F.3d 341, 344 (6th Cir. 2000) (dismissal without prejudice appropriate when dismissing an ERISA action solely for failure to exhaust administrative remedies); *Thomas v. Grinder & Haizlip Const.*, 547 F. Supp. 2d 825, 829 (W.D. Tenn. 2007) ("Dismissal without prejudice is generally the appropriate remedy for a Title VII claim filed prematurely before administrative remedies are exhausted.") (internal citation omitted). This is consistent with the post-*Fourth Estate* cases from other districts cited above, all of which except one resulted in

dismissal without prejudice of copyright infringement claims brought before registration was completed.[8]

The body of law that has emerged in the wake of *Fourth Estate* strongly suggests that allowing the claims related to *Seasons 4 U* to proceed, despite successful registration of the associated copyright following commencement of this action, would "undermine the objectives animating" the *Fourth Estate* holding. *Izmo*, 2019 WL 2359228, at *2. Although there is some appeal to dismissing only the *Seasons 4 U* claims and allowing the remaining infringement claims to proceed, the Court does not find a tenable outcome in dismissal of the *Seasons 4 U* claims without prejudice and not of the claims for the other two works. *See id.* ("The fact that [plaintiff] properly 'commenced' this lawsuit as to *some* of its copyrights does not excuse its failure to comply with § 411(a) as to its other copyrights.") (emphasis in original).[9]

---

[8] The court in *Xclusive-Lee, Inc. v. Hadid* did not explicitly dismiss the subject plaintiff's copyright claims with prejudice, but instead "declined to grant Plaintiff leave to amend the complaint to allege registration should its copyright application be approved in the future." 2019 WL 3281013, at *4. This is distinct from the instant matter, in which Plaintiff achieved registration after filing her initial complaint but before filing the first amended complaint. Further, the court in *Xclusive-Lee* appeared to contemplate that the plaintiff in that case might file a new action after being formally granted a registered copyright. *Id.*, n.8

[9] The Court acknowledges its statements in a previous, non-dispositive order on Plaintiff's motion to amend suggesting that the interests of judicial economy would be best served by simply allowing Plaintiff to amend her complaint to comply with section 411(a) following successful registration of the *Seasons 4 U* copyright. (DE 77 at 7-9). As a purely practical outcome, that may well still be supportable. However, in this instance at least practicalities yield to the law. And it is not clear that all the holdings relied upon in resolution of the motion to amend remain good law, at least as they pertain to the registration requirement, and particularly considering the substantial body of law that has developed following *Fourth Estate* (and following resolution of the motion to amend). Further, and more importantly, in ruling on the motion to amend, the Court expressly noted that it was not deciding Defendants' argument that Plaintiff's amendment was futile because of continuing defects in copyright registration. (*Id.* at 6.) To have resolved that issue would have required an analysis under Rule 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) ("[A] proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss."). The Court declined to undertake that analysis for the reasons stated in the order. (DE 77 at 6-7.) Thus, there was no

The Court recognizes the procedural quandary implicated by this result. Outright dismissal of the third amended complaint without prejudice will likely result in a newly filed lawsuit, which will then require the parties to retrace their steps of almost two years only to arrive at essentially the same place. The idea of such procedural hoop jumping certainly offends the Court's sense of judicial economy. However, a partial dismissal of only the infringement claims related to *Seasons 4 U* might also result in Plaintiff simply refiling an action based solely on infringement related to *Seasons 4 U*, at which point there would be two federal lawsuits involving the same parties and the same underlying set of facts, and no savings of judicial or other resources there either. On balance, dismissal of all Plaintiff's infringement claims without prejudice represents the best measured resolution.

For all these reasons, the Court therefore opts for compliance with *Fourth Estate*, and because Plaintiff initiated this action without satisfying 17 U.S.C. § 411(a) as to all subject works, concludes the action cannot proceed. Dismissal of the third amended complaint without prejudice is the appropriate outcome. *See Hallstrom v. Tillamook Cty.*, 493 U.S. 20, 31 (1989) ("[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."). *See also Blue Book Servs., Inc. v. Farm Journal, Inc.*, No. 18-cv-07155, 2020 WL 419405, at *6 (N.D. Ill. Jan. 27, 2020) ("This Court will not disregard the procedural requirements specified by the legislature; failure to comply with § 411(a) requires dismissal of this case, albeit without prejudice[.]").

---

decision on the issues raised in the instant motion to dismiss. Now the Court has fully considered whether the third amended complaint can survive dismissal under Rule 12(b)(6) and concludes that under controlling and applicable law it cannot.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (DE 83) is GRANTED IN PART and the instant action is DISMISSED WITHOUT PREJUDICE.[10]

It is SO ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge

---

[10] Because this action is dismissed based on Plaintiff's failure to comply with prefiling registration requirement of section 411, the Court need not address the remaining arguments in Defendants' motion.